# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-40632-659 |
| | ) | Chapter 13 |
| Michael Williams, Sr., | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| Eagle Custom Homes, LLC, | ) | |
|     Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael Williams, Sr., | ) | |
|     Debtor, | ) | Hearing Date: April 10, 2023 |
| | ) | Hearing Time: 10:00 a.m. |
| and | ) | |
| | ) | |
| Diana S. Daugherty, | ) | |
|     Chapter 13 Trustee. | ) | |
| _____ | ) | |

**NOTICE OF HEARING AND MOTION TO VACATE ORDER
GRANTING MOTION TO EXTEND AUTOMATIC STAY**

     PLEASE TAKE NOTICE that the Trustee's Motion to Vacate Order Granting Motion to Extend Automatic Stay (the "Motion") will be called up for hearing before the Honorable Kathy Surratt-States on April 10, 2023 at 10:00 a.m. or as soon thereafter as counsel may be heard at the United States Bankruptcy Court, 111 S. 10th Street, St. Louis, Missouri 63101 Courtroom 7 North. A duplicate of the Motion is available upon request to the undersigned or via the Court's CM/ECF Case Management-Electronic Case Filing System. Any response or objection to such must be filed with the Clerk of the United States Bankruptcy Court, Thomas F. Eagleton United States Courthouse, 111 South 10th Street, 4th Floor, St. Louis, Missouri 63102.

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY APRIL 10, 2023 AT OR BEFORE THE HEARING. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

## MOTION TO VACATE ORDER
## GRANTING MOTION TO EXTEND AUTOMATIC STAY

COMES NOW Eagle Custom Homes, LLC ("Eagle"), by and through its undersigned counsel, and states as follows for its "Motion" herein:

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O).

2. Movant brings this Motion seeking to vacate the "Order" (Docket No. 13), as defined/discussed more fully below, pursuant to Federal Rule of Civil Procedure 59 (made applicable by Federal Rule of Bankruptcy Procedure 9023), Federal Rule of Civil Procedure 60(b) (made applicable by Federal Rule of Bankruptcy Procedure 9024) and 11 USC §105.

3. Federal Rule of Civil Procedure 59(e), as adopted and applied in bankruptcy cases by Bankruptcy Rule 9023, permits a court to alter or amended a judgment on a number of grounds, including the need to correct a clear error of law or to prevent a "manifest injustice." See Fed. R. Civ. P. 59(e). See also *Innovative Home Health Care v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1288 (8th Cir. 1998).

4. Federal Rule of Civil Procedure Rule 60 (b)(3) and (6) provides, respectively, that this Court may enter an order for relief from a final judgment or order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" and/or "any other reason that justifies relief." See Fed. R. Civ. P. 60 (b)(1) and (6).

5. Section 105 of the Bankruptcy Code provides this Court with broad equitable powers to issue an order or judgment "necessary or appropriate to carry out the provisions of this title." 11 USC §105.

6. The facts and circumstances justifying the relief requested herein is set forth

hereafter.

7. To the best knowledge of Eagle, Michael Tyrone Williams ("Debtor") has filed the following bankruptcy cases:

    a. Case Number 97-47411, Chapter 7 filed in Missouri Eastern Bankruptcy Court on August 1, 1997.

    b. Case Number 04-56384, Chapter 13 filed in Missouri Eastern Bankruptcy Court on December 29, 2004. The case was dismissed.

    c. Case Number 05-61844, Chapter 13 filed in Missouri Eastern Bankruptcy Court on November 2, 2005. Case was dismissed.

    d. Case Number 08-47564, Chapter 7 filed in Missouri Eastern Bankruptcy Court on September 30, 2008. Debtor received a discharge in this case.

    e. Case Number 19-43869, Chapter 13 filed in Missouri Eastern Bankruptcy Court on June 20, 2019. The case was dismissed for failure to make plan payments on December 6, 2019.

    f. Case Number 19-47886, Chapter 13 filed in Missouri Eastern Bankruptcy Court on December 23, 2019. Case was dismissed for failure to make plan payments on April 9, 2020.

    g. Case Number 20-42533, Chapter 13 filed in Missouri Eastern Bankruptcy Court on May 14, 2020. Case was dismissed for failure to make plan payments on February 9, 2023.

    h. Case Number 23-40632, Chapter 13 filed in Missouri Eastern Bankruptcy Court on February 26, 2023. This case is presently pending.

8. Of particular interest are the most recent four (4) filings, as they show a repeated and serial abuse of the bankruptcy system; whereby Debtor files Chapter 13, fails to make his

plan payments, the case is dismissed and Debtor immediately files bankruptcy again.

9. As a result of Debtor's actions, he has been in a Chapter 13 proceeding for more than three (3) years in the aggregate, yet he has not regularly paid his creditors and now, through his most recent filing, seeks an additional 60 months of bankruptcy protection.

10. In his most recent prior bankruptcy (Case Number 20-42533), Debtor's bankruptcy schedules listed an ownership interest in real property located at 14710 Avocado Lane, Florissant, MO 63034 (the "Real Property").

11. During the course of his 2020 bankruptcy proceeding, Debtor listed the Real Property for sale on the open market.

12. On or about July 22, 2022, Debtor and Eagle entered into a Special Sale Contract date July 22, 2022, pursuant to which Debtor agreed to sell and Eagle agreed to purchase the Real Property for the sum of $110,000.00.

13. Closing on the sale of the Real Property occurred on August 1, 2022, at/through Investors Title Company. At closing, Eagle paid the $110,000.00 purchase price, plus an additional $1,467.64. The sale proceeds were paid to the first and second lienholders (in full satisfaction of the respective debts/liens), closing costs, prorations, taxes, etc., with the net proceeds paid to Debtor.

14. Contemporaneous with closing, on August 1, 2022, Debtor executed a general warranty deed in favor of Eagle, which was delivered to the St. Louis County Recorder's Office and recorder on August 5, 2022.

15. An amendment to the Sale Contract provided that Eagle would take possession on August 1, 2022; however, when Eagle sought to take possession of the Real Property, it learned that Debtor continued to reside in the Real Property. By letter dated August 10, 2022, Eagle demanded that Debtor vacate the premises.

16. Subsequent to the delivery of Eagle's letter of August 10, 2022, Debtor notified Eagle that he deemed the sale of the Real Property to be void. Yet, notwithstanding Debtor's position that Contract and/or Sale was void, he has not bothered to return the net purchase funds he received at closing.

17. On or about August 29, 2022, Eagle filed its Motion to Ratify Sale of Real Property and for Relief from Stay to Eject/Evict Debtor From the Premises ("MFR"), seeking the ratification of the real estate sale, described above, and relief from the automatic stay to file suit against the Debtor in State Court.

18. The MFR was granted by Order of this Court on September 20, 2022, and Eagle subsequently filed suit against the Debtor in the Circuit Court for St. Louis County. The suit is labelled as Case No. 22SL-CC04156 and remains pending as of the date of this Motion.

19. As mentioned above, Debtor's 2020 bankruptcy case was dismissed for failure to make plan payments on February 9, 2023. Before the month ended, on February 26, 2023, Debtor filed another Chapter 13 proceeding.

20. Debtor's 2023 Bankruptcy Schedules continue to list an interest in the Real Property, notwithstanding the prior order of this Court ratifying the sale of the Real Property to Eagle.

21. Moreover, Debtor's 2023 Bankruptcy Schedules describe a claim against Eagle in connection with the Real Property, but the factual allegations contained in Debtor's Bankruptcy Schedules are false.

22. Notwithstanding the fact that Debtor listed the Real Property and the purported claim against Eagle on his Bankruptcy Schedules, as well as the fact that there is a pending lawsuit by Eagle against the Debtor, Debtor did not include Eagle as a creditor in his 2023 bankruptcy case and failed to include Eagle on his matrix.

23. On or about March 3, 2023, Debtor filed a Motion to Extend Automatic Stay (Docket No. 10) (the "M2E"), seeking to extend the automatic stay beyond 30 days in this present 2023 bankruptcy proceeding. Debtor argued a change in circumstance since his last filing, primarily that he lost his job do to COVID during August of 2022 but now has employment.

24. This Court entered its Order approving the M2E on March 9, 2023, which is entered on this Court's Docket as No. 13 (the "Order").

25. As a preliminary matter, Eagle does not know whether or not Debtor had COVID in August of 2022 but submits to the Court that many of the events in connection with the sale of the Real Property occurred in August of 2022, and there was never an indication that Debtor was somehow incapacitated with COVID during that time.

26. Irrespective of whether Debtor had COVID or lost his job as a result thereof, Eagle did not receive official notice of Debtor's 2023 bankruptcy filing, the filing of the M2E or the entry of the Order and could not timely object or represent its interests. Eagle learned about the foregoing secondhand on March 17, 2023.

27. Debtor's history of serial bankruptcy filings, his actions in connection with Eagle and the purchase of the Real Property, his failure to list Eagle as a creditor and/or include Eagle on his matrix, and the willful failure to provide Eagle with notice of his most recent bankruptcy filing and of the M2E, evidence bad faith on the part of the Debtor.

28. Eagle previously obtained stay relief in this case and incurred attorneys' fees and expenses in connection therewith. Eagle should not have to seek relief from stay and incur fees a second time.

WHEREFORE, Eagle prays for the Court's order:

(1) Vacating the Order (Docket No. 13);

(2) Denying the M2E or, at a minimum, excluding Eagle from the reinstatement of the automatic stay and allowing Eagle to proceed in the Circuit Court to protect its interests in the Real Property and assert any other claims it may have against the Debtor; (3) granting Eagle its fees in this case which solely arose as a result of Debtor's bad faith;

(3) making such order final upon its entry on this Court's docket; and

(5) granting such other and further relief as this Court may deem just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS LLC

Date: March 23, 2023

By: /s/ Brian J. LaFlamme
BRIAN J. LAFLAMME, (#49776MO)
Attorney for Eagle Custom Homes, LLC
903 S. Lindbergh, Suite 200
St. Louis, MO 63131
(314) 991-4999/(314) 991-2413 (FAX)
blaflamme@summerscomptonwells.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on the 23rd of March, 2023 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List. I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been by Regular United States Mail Service, first class, postage fully pre-paid, address to the parties listed below and on the attached mailing matrix on the 23rd day of March, 2023.

| | |
|---|---|
| Michael Williams, Sr.<br>14710 Avocado Lane<br>Florissant, MO 63034 | **Angel Stacy**<br>Law Office of Angel Stacy<br>P.O. Box 993<br>Granite City, IL 62040 |
| **Diana S. Daugherty**<br>Chapter 13 Trustee<br>P. O. Box 430908<br>St. Louis, MO 63143 | |

Date: March 23, 2023

/s/ Christina Hauck